UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND CIMINO,

         Petitioner,

  -vs-

NEW YORK STATE,

         Respondent.

**No. 6:17-cv-06446-MAT**
**DECISION AND ORDER**

---

## INTRODUCTION

Raymond Cimino ("Petitioner") brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 ("Section 2254"), alleging that he is being held in custody in violation of his constitutional right of access to the courts. Petitioner is currently serving a term of 15 years to life, pursuant to a November 8, 2002 judgment entered in Monroe County Court of New York State, following a jury verdict convicting him of two counts of attempted aggravated assault on a police officer (New York Penal Law ("P.L.") §§ 110.00, 120.11), and three counts of first-degree reckless endangerment (P.L. 120.25). For the reasons discussed herein, the request for a writ of habeas corpus is denied and the petition is dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. The 2014 Motion to Vacate

On July 1, 2014, Petitioner filed a motion in Monroe County Court pursuant to New York Criminal Procedure Law ("CPL") § 440.10

arguing that, inter alia, defense counsel Louis P. Pilato, Esq. ("Trial Counsel") had misadvised him about his sentencing exposure while Petitioner was considering what he deemed a "plea offer." In support of the motion, Petitioner included a June 2014 affirmation from Trial Counsel, stating that before trial, the prosecutor had indicated that if Petitioner pleaded guilty to the indictment, "the sentence would be a 15 year determinate sentence of imprisonment to be followed by 5 [years] of post-release supervision (PRS)." Trial Counsel affirmed that he told Petitioner that the prosecutor's "offer" was not "all that beneficial since it basically consisted of the maximum sentence that could be imposed." (SR.429-30).[1] Trial Counsel also stated that he had not anticipated that the prosecutor would ask the County Court to exercise its discretion to sentence Petitioner as a persistent felony offender ("PFO") under P.L. § 70.08. (SR.9, 200, 429-30). According to Trial Counsel's recollection, the prosecutor expressed "the exact opposite" of an "intention or desire to treat [Petitioner] as a possible PFO if there was a conviction," and, therefore, Trial Counsel never advised Petitioner that the possibility of enhanced sentencing "even remotely exist[ed]." (SR.429-30). Petitioner claimed that he would have pleaded guilty, and accepted a 15-year determinate prison sentence rather than risk the possibility of a life term,

---

[1] Citations to "SR." in parentheses refer to pages in the separately bound volume of State court records filed by Respondent.

had Trial Counsel advised him that he was eligible for PFO treatment. (SR.7).

The County Court issued a decision and order on November 13, 2014, denying the motion on procedural and substantive grounds. (SR.236-43). Citing CPL § 440.10(3)(c),[2] the County Court held that Petitioner could have brought it in a prior motion but unjustifiably did not. (SR.238). Substantively, the County Court did not credit Petitioner's claim that he and Trial Counsel were unaware that the prosecutor would seek enhanced sentencing. At the sentencing hearing, the County Court recalled, neither Petitioner nor Trial Counsel expressed "surprise or indignation that the prosecutor would be pursuing a 'persistent felony' adjudication." (SR.239). The County Court likewise did not credit Petitioner's assertion that the prosecutor in fact had extended a plea offer, noting that the prosecutor's opposition papers did not concede the existence of such an offer. In addition, the County Court noted that Trial Counsel's affirmation did not indicate that the prosecutor had extended a plea bargain offer, since Trial Counsel stated that Petitioner would have had to plead guilty to the entire indictment. (SR.239-40). And, the County Court stated, it did not believe that Petitioner actually would have pleaded guilty, even if

---

[2] "Notwithstanding the provisions of [CPL § 440.10(1)], the court may deny a motion to vacate a judgment when: (c) [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." N.Y. CRIM. PROC. LAW § 440.10(3)(c).

the prosecutor had offered a determinate 15-year sentence, given that Petitioner had "continually professed his innocence throughout the post-trial litigation." (SR.240-41).

**II. The CPL § 440.20 Motion and the Screening Order**

On February 2, 2016, Petitioner filed a pro se motion in the County Court to set aside his sentence pursuant to CPL § 440.20. (SR.304-34). On April 22, 2016, the County Court denied the motion as meritless and noted that Petitioner could have raised the claim in an earlier CPL § 440 motion. (SR.349-53). Observing that Petitioner already had filed numerous CPL § 440 motions as well as two federal habeas petitions, a direct appeal, and a motion for a writ of error coram nobis, the County Court found that Petitioner's "frivolous" arguments had resulted in a "waste of resources." (SR.352). The County Court therefore "enjoined [Petitioner] from any further pro se motions without first seeking the permission of th[e] [County] Court by specifically identifying and stating the basis upon which he believes he is entitled to legal relief." (SR.353). Petitioner sought leave to appeal the denial of the CPL § 440.20 motion in the Appellate Division, Fourth Department, of New York State Supreme Court ("Fourth Department"), but did not challenge the County Court's screening order. (SR.355-412).

**III. The Proposed CPL § 440.10 Motion in 2016**

Nine days after the County Court issued the screening order, Petitioner requested permission to file another CPL § 440.10 in

which he proposed to claim that he would have accepted a plea bargain had Trial Counsel "been more knowledgeable of New York's persistent felony statute and advised [him] thereof [sic] [his] true sentencing exposure." (SR.423). In a decision and order dated, the County Court denied the request, noting that Petitioner had raised "the identical argument" in his 2014 CPL § 440.10 motion which had been denied. (SR.424).

In papers dated October 1, 2016, and December 20, 2016, Petitioner renewed his request for permission to file a CPL § 440.10 motion. Petitioner included in his December 2016 papers a letter from the trial judge, dated September 6, 2016. (SR.426-28). In the letter, the trial judge stated that he "would have accepted and honored the People's purposed [sic] plea agreement (An aggregate 15 year determinate prison term plus 5 years of postrelease supervision in exchange for [Petitioner's] guilty plea to the Indictment in its entirety) had [Petitioner] not rejected the People's offer." (SR.428). Petitioner also enclosed a copy of Trial Counsel's June 2014 affirmation. (SR.429-30).

On January 26, 2017, the County Court reiterated its denial of permission to file the proposed motion, finding that the trial judge's letter "sheds no additional light on [Petitioner's] claims." (SR.433). The County Court noted that Trial Counsel's letter "has been included by [Petitioner] in prior motions that have been considered, and rejected[.]" (SR.433). The County Court

concluded that Petitioner had presented "no additional grounds, based in either fact or law, . . . which would cause this Court to grant [Petitioner] leave to submit an additional motion pursuant to CPL 440." (SR.433).

**IV. The Motion for Poor Person Status**

On March 18, 2017, Petitioner filed a motion for poor person status in the Fourth Department in anticipation of moving to enjoin enforcement of the County Court's screening order. (SR.436-42). On April 10, 2017, the Fourth Department denied the motion because Petitioner "failed demonstrate merit to the proceeding." (SR.443).

**V. The Prior Federal Habeas Corpus Petitions**

Petitioner has challenged his 2002 conviction in two prior federal habeas corpus petitions under 28 U.S.C. § 2254 filed in this Court. The first petition was denied on March 2, 2011. See Decision & Order (Dkt #22) in Cimino v. Conway, 6:08-cv-06318-MAT (W.D.N.Y. Mar. 2, 2011) ("Cimino I"). On September 1, 2011, the Second Circuit denied Petitioner's motion for a certificate of appealability and dismissed his appeal. See Mandate (Dkt #26) in Cimino I. In the second Section 2254 proceeding, this Court found that the petition did not qualify as a successive petition because it presented a sentencing claim that could not have been raised in the previous petition. The Court denied the petition on the merits on February 27, 2017. See Decision & Order (Dkt #12) in Cimino v. Conway, 6:16-cv-06189-MAT (W.D.N.Y. Feb. 27, 2017) ("Cimino II").

**VI. The Instant Habeas Proceeding**

In the currently pending petition ("Cimino III"), Petitioner asserts he was denied his constitutional right of access to the courts by the County Court's January , 2017 order denying him permission to file another CPL § 440.10 motion. Petitioner contends that the Fourth Department further denied him meaningful access to the court through its order dated denying his request to proceed as a poor person and denying leave to appeal the County Court's January 2017 order. Respondent argues that the "access to the courts" claim is not cognizable on habeas review, and, in any event, is unexhausted and meritless.[3] Petitioner responds that he "fairly presented his Federal claim in a New York Civil Practice Law and Rule Article 78 action, [in] which he was denied poor person relief[,]" but "[n]o appeal lies to the New York State Court of Appeals from the appellate [c]ourt's decision, which denied the Petitioner poor persons relief." (Reply (Dkt #5) at 3). Although Respondent has raised the affirmative defense of non-exhaustion, the Court will dispose of petition on the merits since the underlying issues are more easily resolved. See, e.g., Brown v. Thomas, No. 02 Civ. 9257(GEL), 2003 WL 941940, at *1 (S.D.N.Y. Mar.

---

[3] Respondent also argues that "[t]o the extent that this Court construes the petition as raising a claim of ineffective assistance of trial counsel, the petition is successive, and this Court must transfer it to the Court of Appeals." Respondent's Memorandum of Law ("Resp't Mem.") at 16. The Court does not construe the petition as raising such a claim and neither, apparently, does Petitioner. The petition is clearly directed at the allegedly unconstitutional actions of the County Court and the Fourth Department. Therefore, the Court need not undertake a "second or successive petition" analysis.

10, 2003) (declining to resolve complicated exhaustion issue in parole denial case and noting that in habeas corpus cases "potentially complex and difficult issues about the various obstacles to reaching the merits should not be allowed to obscure the fact that the underlying claims are totally without merit"); 28 U.S.C. § 2254(b)(2) (providing that a petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State").

**DISCUSSION**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available only to persons who can establish that their incarceration violates the Constitution, law or treaties of the United States. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus . . . reaches only convictions obtained in violation of some provision of the United States Constitution."). Claims that a State court erred in applying its own laws are not cognizable in a Federal habeas corpus proceeding. See id. at 221 ("Federal courts hold no supervisory authority over state judicial

proceedings and may intervene only to correct wrongs of constitutional dimension.") (citations omitted).

Here, Petitioner challenges rulings by the State courts in connection with various collateral motions for post-conviction relief. The constitution, however, does not require a state to provide a criminal defendant any post-conviction avenues of relief. See Pennsylvania v. Finley, 481 U.S. 551, 556 (1987) ("'[I]t is clear that the State need not provide any appeal at all.'") (quoting Ross v. Moffitt, 417 U.S. 600, 610-11 (1974)); United States v. MacCollom, 426 U.S. 317, 323 (1976) ("The Due Process Clause of the Fifth Amendment does not establish any right to an appeal, and certainly does not establish any right to collaterally attack a final judgment of conviction.") (internal citation and footnote omitted). Post-conviction proceedings such as motions to vacate under CPL § 440.10 and motions to set aside the sentence under CPL § 440.20 thus are discretionary proceedings.

Turning to the State courts' rulings themselves, the County Court recognized in its screening order that although "the right to defend pro se is constitutionally protected and statutorily granted in New York, such right 'is not absolute but subject to certain restrictions.'" (SR.352 (citing People v. Moore, 17 Misc.3d 228, 232 (N.Y. Sup. Ct. 2007) (quoting People v. McIntyre, 36 N.Y.2d 10, 17 (1974)). Given that New York's criminal justice system is already "overburdened," courts have condoned efforts "to curtail

the waste of resources" resulting from "the proliferation of frivolous" motions by pro se defendants. People v. Rivera, 159 Misc.2d 556, 561 (N.Y. Sup. Ct. 1993) (citations omitted). As the County Court observed, the remedy most often imposed in cases similar to Petitioner's has been "enjoining a defendant from making any further motions relating to his conviction and sentence without first seeking leave from the [c]ourt." (SR.352-53 (collecting cases)). This Court's review of the case law indicates that, without a doubt, New York State courts have "authority to curtail the waste of resources resulting from [frivolous pro se motions." Rivera, 159 Misc.2d at 561. In particular, screening orders such as the one issued by the County Court here are well within a court's discretion. See, e.g., People v. Davis, 32 Misc.3d 1201(A), 2011 WL 2518627 (N.Y. Sup. Ct. 2011) ("Defendant's five motions pursuant to CPL § 440 and his four petitions for habeas relief have all been denied, as have his numerous appeals of these denials, without deterring Defendant from continuing to pursue such meritless claims. Under such circumstances, it is appropriate to enjoin Defendant from filing any further motions in this action without first obtaining written permission from this Court.") (citing inter alia, People v. Moore, 17 Misc.3d at 232 (defendant who moved five times under CPL § 440.10, raising same issues, which were all found without merit, enjoined from filing without court permission)).

The County Court's imposition of a screening order and the denial of Petitioner's subsequent requests to file additional pro se motions amounted to "a discretionary application of state law, which was rendered during a discretionary state proceeding." Zamora v. Pierson, 158 F. Supp. 2d 830, 835 (N.D. Ill. 2001). As such, the County Court's decision cannot provide a basis for habeas relief. See id.

Likewise, the Fourth Department's decision to deny Petitioner's application to proceed as a poor person is not cognizable in this Federal habeas proceeding. "[I]n order to protect 'the fair allocation of judicial resources,' the Supreme Court recognized a judicial duty to deny in forma pauperis status to individuals whom the court, in its discretion, determined had abused the system." Carolina v. Rubino, 644 F. App'x 68, 71 (2d Cir. 2016) (unpublished opn.) (quoting In re Sindram, 498 U.S. 177, 180 (1991)). New York's filing fee does not infringe on constitutional rights as it is "rationally related to the legitimate governmental interest of deterring frivolous litigation by inmates by making them at least partially responsible for the costs thereof." Matter of Bonez v. McGinnis, 305 A.D.2d 814, 815 (3d Dep't 2003) (internal quotation marks and citation omitted); see also Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir. 1997) (rejecting claim that Prison Litigation Reform Act violates indigent prisoners' equal protection rights because it requires

them, unlike non-incarcerated indigents, to pre-pay Federal court filing fees). Pursuant to New York's Criminal Procedure Law, an appeal of a CPL § 440 denial may not be taken as of right but requires permission of the intermediate appellate court (here, the Fourth Department). Thus, the Fourth Department's decision to deny Petitioner poor person status in connection with a discretionary appeal was a discretionary application of State law. As such, the Fourth Department's decision cannot provide a basis for habeas relief. See Horton v. Recktenwald, 15 Civ. 843, (W.D.N.Y. Feb. 6, 2017) (noting Appellate Division's denial of leave to appeal does not raise federal constitutional issue).

Petitioner urges that his claims do implicate an independent, Federal constitutional right, namely, the right to meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."); accord Nicholas, 114 F.3d at 21. However, even accepting as true Petitioner's allegations that the County Court and Fourth Department denied him the right of meaningful access to the courts, these constitutional deprivations do not in any way undermine Petitioner's conviction or sentence or allege he is in custody in violation of the Constitution or law or treaties of the United States. Hence, these alleged errors by the State courts do not touch upon "'the essence of habeas corpus[, which] is an attack by a person in custody upon

the legality of that custody . . . .'" Kirby v. Dutton, 794 F.2d 245, 246 (6th Cir. 1986) (quoting Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)). "'[T]he traditional function of the writ is to secure release from illegal custody.'" Id. (quoting Preiser, 411 U.S. at 484). While Petitioner's "*ultimate* goal . . . is release from confinement," Kirby, 794 F.2d at 248 (emphasis in original), "the result of habeas review of the specific issues before [this Court] is not in any way related to the confinement." Id. (defendant's claims of denial of Sixth Amendment right to effective assistance of counsel, denial of due process and equal protection in state postconviction proceeding were unrelated to his detention and could not be brought in federal habeas corpus proceeding). In other words, even if this Court found that there was some error in connection with the State post-conviction proceedings, it would not affect the fact that Petitioner is confined, or how long he will be incarcerated.[4] The claims here "represent an attack on a proceeding collateral to detention of [Petitioner] and not on the detention itself." Zamora, 158 F. Supp.2d at 836. Accordingly, Section 2254 is not a proper vehicle for challenging the deficiencies in his State collateral post-conviction contentions about which Petitioner complains in his petition. See, e.g., Kirby, 794 F.2d at 246; cf. Word v. Lord, 648 F.3d 129 (2d Cir. 2011) (denying leave to

---

[4] At most, granting this petition could entitle Petitioner to file another CPL § 440.10 motion which and a leave application, both of which would, in all likelihood, be denied.

successive habeas petition challenging State court's denial of her application for a writ of error coram nobis; agreeing with majority of sister circuits that federal habeas petition was not a proper vehicle for challenging purported deficiencies in state collateral post-conviction proceedings).

**CONCLUSION**

The application for a writ of habeas corpus is denied, and the petition is dismissed. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**SO ORDERED.**

S/Michael A. Telsca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   March 9, 2018
         Rochester, New York